IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CENTER PARTNERS, INC.,

    Plaintiff,

v.

RUSTICI INC. d/b/a RUSTICI WEB SERVICE; and
RYAN RUSTICI,

    Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Center Partners, Inc. ("Center Partners" or "Plaintiff"), by and through its undersigned attorneys, Robinson Waters & O'Dorisio P.C., for its Complaint against defendants Rustici Inc. d/b/a Rustici Web Service and Ryan Rustici (together, "Defendants"), alleges as follows:

### NATURE OF ACTION

1. This action concerns Ryan Rustici's malicious and deceptive attack on Center Partners' goodwill and business reputation, and his efforts to extract "hush money" from Center Partners. Rustici, a disgruntled former employee, started an internet "gripe site" using the deceptive uniform resource locator ("URL") – *i.e.*, internet address – www.centerpartners.net, on which he disparages Center Partners in an effort to injure Center Partners' business reputation. Far from a former employee exercising his right to free speech, however, Rustici's

web site prominently features paid banner advertising, and also links users directly to the web site for Rustici's own web hosting and computer repair business. Moreover, in response to Center Partners' insistence that he cease and desist from using the "centerpartners.net" domain name, Rustici offered to sell it to Center Partners. Thus, Rustici's use of the "centerpartners.net" domain is clearly improper and in bad faith.

2. Center Partners seeks injunctive relief, damages, including actual damages and treble damages, and attorney's fees under various causes of action, for cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), trademark infringement, false endorsement, sponsorship or affiliation, under Sections 32 and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§1114, 1116-1118 and 1125, and deceptive acts and practices under Colorado's Consumer Protection Act, C.R.S. § 6-1-101 *et. seq.*

## THE PARTIES

3. Plaintiff Center Partners is a corporation duly organized pursuant to the laws of the state of Delaware, with a principal place of business located in Fort Collins, Colorado. Center Partners is a world-class corporate contact center and web self-service solutions provider. Center Partners provides businesses with a variety of back-office support services, including consultative sales and customer service, technical support, outbound campaigns, and order entry and fulfillment.

4. Upon information and belief, Defendant Ryan Rustici is an individual residing in Idaho Falls, Idaho.

5. Upon information and belief, Defendant Rustici Inc. d/b/a Rustici Web Service is a corporation or other business entity with a principal place of business located in Idaho Falls,

Idaho. Upon information and belief, Rustici Inc. is in the business of providing web hosting services, as well as computer system and network repairs.

6. Alternatively, "Rustici Inc." and "Rustici Web Service" may be alter egos used by Ryan Rustici as a sole proprietor of the web hosting and computer repair service described above.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and 28 U.S.C. § 1367(a), because this action arises under the laws of the United States, and this Court has supplemental jurisdiction over related state law claims.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, or a substantial part of the property that is the subject of the action is situated within this district, and Defendants are subject to personal jurisdiction within this district.

## FACTUAL ALLEGATIONS

*Plaintiff Has Valuable Rights in Its Trademark*

9. Plaintiff Center Partners is the owner of a federal trademark registration for the service mark "CENTER PARTNERS." Center Partners owns federal Registration No. 2,431,147, for "CENTER PARTNERS" in International Class 035, covering "answering and managing telephone calls for others, including billing, order processing, collecting marketing data and referrals to business centers." This registration is incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

10. As a result of its investment of considerable time, effort and expense, Center Partners has developed valuable rights in its "CENTER PARTNERS" mark.

11. Defendants are unlawfully using Center Partners' trademark by using Center Partners' name as a domain name or webpage address and in the content available at the webpage, as detailed below.

*Rustici is Terminated and then Uses Plaintiff's Mark throughout Defendants' Web Site*

12. In August and September 2009, defendant Ryan Rustici was employed by Center Partners as a sales coach for the customer retention department of one of Center Partners' clients. Mr. Rustici's employment with Center Partners terminated on or about September 11, 2009.

13. Upon information and belief, on or about September 12, 2009, Mr. Rustici and/or Rustici, Inc. registered the domain name "centerpartners.net," using a web-based domain name registration service known as "Namecheap." A domain name is an identification label that, *inter alia*, identifies Internet Protocol (IP) resources, such as Internet web sites. Domain names are assigned to devices, connected to a computer network (and/or the Internet), such as computers and/or servers, and are used to identify those devices in various forms of electronic communication, such as the World Wide Web and e-mail.

14. Upon information and belief, at or about the time he registered the "centerpartners.net" domain name, Mr. Rustici and/or Rustici Inc. created and published a web site titled "Center Partners Sucks" (the "Site") using the URL "www.centerpartners.net." (Copies of the web pages available at the Site are annexed as Exhibit 1.) URLs are utilized as the virtual "addresses" of web pages, so a computer user who types www.centerpartners.net into their web browser – such as a potential or actual customer attempting to locate Center Partners'

4

website – is taken directly to Defendants' Site, rather than to Center Partners' own site (located at www.centerpartners.com).

15. Defendants' Site contains numerous disparaging statements concerning Center Partners, designed to injure Center Partners' business reputation and customer goodwill. For example, the Site's welcome message reads:

> Welcome to Center Partners SUCKS. Please feel free to read and write your own comments about why Center Partners sucks and why it is the worst place to work. Check out our games and pictures and other links. Thanks for stopping by.

16. Elsewhere on the main page at the Site, Defendants include a variety of similarly disparaging and denigrating comments about Center Partners.

17. The Site also features images and a video clip mocking call centers and their personnel – by implication, Center Partners and its personnel, specifically.

18. The Site also features several games that mock Center Partners' executives and personnel. For example, in one, the user is challenged to kick Center Partners' CEO as far as possible in a challenge akin to a javelin throw. In another, the user is challenged to poke Center Partners' COO in her eye using a constantly-moving index finger.

*Defendants Use the Site for Commercial Purposes*

19. In addition to the disparaging and defamatory materials described above, the Site also prominently features banner advertising, provided, upon information and belief, by Google, Inc.'s "AdSense" program. The banner advertising appears across the length of the main page, immediately visible when the page loads in the viewer's web browser. Upon information and belief, Defendants are compensated by Google, or by companies advertising with Google, each time a viewer clicks on the banner ad and visits an advertiser's website.

20. Further, also prominently visible at the center of the Site's main page is an ad for "Dweeb Force Computer Repair." Upon clicking this ad, the user is redirected to a web site for Rustici Web Service, through which Defendants market their web hosting and computer repair services to the public.

21. The Site confusingly lists Center Partners' business addresses in Colorado and Idaho, and contains graphics designed to look like Center Partners' real website, located at www.centerpartners.com. Further, at the bottom of the main page, the Site includes a link to "Terms and Conditions," a lengthy document that sets forth the terms of service pursuant to which "CenterPartners.net may offer to provide certain services" to users of the Site. "CenterPartners.net" is referenced repeatedly throughout the Terms and Conditions document as the entity offering services through the Site, while the name "Rustici" appears only once on the page containing the Terms and Conditions document, at the very bottom, where it states "Designed by Rustici, Inc." In fact, other than this "Designed by" reference at the bottom of each page at the Site, the Site contains no references to Defendants.

*Defendant Offers to Sell the Domain Name to Plaintiff*

22. On or about September 23, 2009, Center Partners, by its attorneys, sent a cease and desist letter to Mr. Rustici, notifying him that he was improperly using Center Partners' trademarked name and demanding that he take the Site down immediately.

23. In response, on September 24, 2009 Rustici e-mailed Center Partners' counsel, purporting to be exercising his right of free speech. But Rustici continued on to state:

> If Center Partners wish [sic] to purchase the three domains that I
> own of Center Partners I would entertain the offer. I would like to
> speak to you Man to Man instead of sending letters that both waste
> your time and mine...

> Please let me know ... if Center Partners wishes to purchases [sic] the domains from me.

(A copy of Rustici's September 23, 2009 e-mail is attached as Exhibit 2.)

*Injuries Due to Defendants' Unlawful Conduct*

24. Defendants' use of Center Partners' mark falsely suggests that Center Partners endorsed, sponsored and/or is otherwise affiliated or associated with Defendants or their Site. Center Partners has never endorsed, sponsored or otherwise been affiliated or associated with the Site, and has not been affiliated with Mr. Rustici since his termination.

25. Defendants' actions are likely to cause, and have caused, confusion and misled the public, which has been and is being led to believe that Center Partners endorses, sponsors and/or is otherwise affiliated or associated with the Defendants and their site, when, in fact, they are not.

26. In fact, Center Partners has received several complaints from consumers, including consumers in Colorado, reflecting their actual confusion and damage to Center Partners' reputation due to Defendants' conduct.

### COUNT I
### (Cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A)) (By Plaintiffs Zo Co and Harpo)

27. Plaintiff repeats and realleges the preceding paragraphs of the Complaint as if set forth fully herein.

28. Defendants' registration of the domain name "centerpartners.net," constitutes cybersquatting in violation of Section 1125 of the Anticybersquatting Consumer Protection Act, 15 U.C.S. § 1125(d)(1)(A).

> Please let me know ... if Center Partners wishes to purchases [sic] the domains from me.

(A copy of Rustici's September 23, 2009 e-mail is attached as Exhibit 2.)

*Injuries Due to Defendants' Unlawful Conduct*

24. Defendants' use of Center Partners' mark falsely suggests that Center Partners endorsed, sponsored and/or is otherwise affiliated or associated with Defendants or their Site. Center Partners has never endorsed, sponsored or otherwise been affiliated or associated with the Site, and has not been affiliated with Mr. Rustici since his termination.

25. Defendants' actions are likely to cause, and have caused, confusion and misled the public, which has been and is being led to believe that Center Partners endorses, sponsors and/or is otherwise affiliated or associated with the Defendants and their site, when, in fact, they are not.

26. In fact, Center Partners has received several complaints from consumers, including consumers in Colorado, reflecting their actual confusion and damage to Center Partners' reputation due to Defendants' conduct.

### COUNT I
### (Cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A)) (By Plaintiffs Zo Co and Harpo)

27. Plaintiff repeats and realleges the preceding paragraphs of the Complaint as if set forth fully herein.

28. Defendants' registration of the domain name "centerpartners.net," constitutes cybersquatting in violation of Section 1125 of the Anticybersquatting Consumer Protection Act, 15 U.C.S. § 1125(d)(1)(A).

29. The CENTER PARTNERS mark is inherently distinctive and is a federally registered trademark.

30. The domain name registered by Defendants is identical, or at least, confusingly similar to the CENTER PARTNERS mark.

31. Upon information and belief, Defendants registered the above-described domain names in bad faith with an intent to profit. Defendants' bad-faith in registering the infringing domain names is evidenced by, among other things, Defendants' registration of the domain name which Defendants know is identical or confusingly similar to Plaintiff's mark, and by Defendants' outright offer to sell the domain name to Center Partners if Center Partners so desired.

32. Furthermore, Defendants have no trademark or intellectual property rights in the domain name; the domain names does not contain the legal name of Defendants or a name commonly used to identify Defendants; and Defendants intended to divert consumers to websites that could harm the goodwill represented by the CENTER PARTNERS mark for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Site, which features commercial advertising as well as a link to Defendants' own web pages, through which they market their services..

33. As a result of Defendants' actions, Center Partners has suffered irreparable harm. Center Partners has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

34. As a consequence of Defendants' willful misconduct, Center Partners is entitled to injunctive relief prohibiting Defendants from using or registering as a domain name Center Partners' name and trademark, alone or in combination with other words and ordering

Defendants to transfer any such domain names to Center Partners; and to an award against Defendants in the amount of three times Center Partners' damages, such sum above any profits to Defendants arising from the infringement as the Court deems just; and to an award ordering destruction of all infringing materials, and Center Partners' costs and attorneys' fees incurred in connection with this action. In the alternative, Center Partners is entitled to an award of statutory damages in the amount of up to $100,000 per domain name, or as the court considers just but no less than $1,000 per domain name, plus costs and attorney's fees.

## COUNT II
### (Trademark Infringement under Section 32(1) of the Lanham Act)

35. Plaintiff repeats and realleges the allegations stated in the preceding paragraphs of the Complaint as if set forth fully herein.

36. Center Partners owns a federal trademark registration for the service mark "CENTER PARTNERS." This mark is valid and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

37. Defendants have used the CENTER PARTNERS mark directly on their Site without Center Partners' consent.

38. Defendants' use of the CENTER PARTNERS mark is likely to confuse or deceive the public in the United States into believing that the unauthorized activities of Defendants originate from, are associated with, or are licensed, sponsored or authorized, or otherwise approved by Center Partners, all to the damage and detriment of the reputation and good will in the Center Partners mark.

39. Defendants' use constitutes trademark infringement under section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40. Defendants' acts were done intentionally and with knowledge of Center Partners' rights, and thus constitute deliberate and willful infringement. This is an exceptional case that warrants the award of attorneys' fees.

41. As a consequence of Defendants' willful misconduct, Center Partners is entitled to injunctive relief as set forth below, and to an award against Defendants in the amount of three times Center Partners damages (which include damage to its mark and the reasonable value of a license), such sum above Defendants' profits arising from the infringement as the court deems just, destruction of all infringing materials, and Center Partners' costs and attorneys' fees incurred in connection with this action.

## COUNT III
### (False Designation of Origin and False Endorsement and Sponsorship under Section 43(a) of the Lanham Act)

42. Plaintiff repeats and realleges the allegations stated in the preceding paragraphs of the Complaint as if set forth fully herein.

43. Defendants' use of Center Partners' name and mark, without Center Partners' consent, as described above, constitutes false designation of origin and false endorsement and sponsorship under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44. By publishing the Site using the centerpartners.net URL, and by repeatedly using the name CenterPartners.net name in describing the terms pursuant to which Defendants will offer services via their Site, Defendants have falsely represented to the public that Center Partners endorses, sponsors and/or is otherwise affiliated or associated with Defendants' goods, services or other commercial activities, when in fact that is not the case.

45. Defendants' acts were designed to entice consumers to visit their Site, view the advertising displayed on that Site, and visit Defendants' other sites by which they market their

services. Defendants' materially false representations were likely to deceive or confuse, and have deceived or confused, the public into believing that Plaintiff endorses, sponsors and/or is otherwise affiliated or associated with Defendants and/or their Site, their other sites and their services, when in fact that is not the case.

46. Defendants availed themselves of the advantages of Plaintiff's extensive efforts, goodwill and fine reputation willfully and deliberately, with knowledge of Center Partners' rights, and with the intent to unfairly commercially benefit Defendants' at Center Partners' expense. This is an exceptional case that warrants the award of attorneys' fees.

47. Center Partners has been damaged by Defendants' unauthorized use of its name and mark.

48. Upon information and belief, Defendants have derived revenue and profits as a result of their conduct, at Center Partners' expense.

49. As a consequence of Defendants' willful misconduct, Center Partners is entitled to injunctive relief and to an award against Defendants in the amount of three times Center Partners' damages, such amount to be determined at trial, destruction of all infringing materials, and Center Partners' costs and attorneys'fees incurred in connection with this action.

## COUNT IV
**(Violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*)**

50. Plaintiff repeats and realleges the allegations stated in the preceding paragraphs of the Complaint as if set forth fully herein.

51. Defendants' aforesaid acts constitute deceptive acts and practices in the course of business in willful and knowing violation of C.R.S. §§ 6-1-105 and 6-1-113.

52. Plaintiff has no adequate remedy at law to compensate them for the damages that has been caused by Defendants' wrongful acts, and that will be caused if Defendants' wrongful acts are not immediately enjoined.

53. In addition, Plaintiffs have suffered monetary damages as a result of Defendants' wrongful acts, in an amount to be proved at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Center Partners requests that the Court grant an order or orders:

A. Preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, employees, successors and assigns, and all other persons acting on their behalf or under their control in active concert and participation with any of them, from (a) using Center Partners' name and mark to sell or market any product or service in any and all media and forums, or using Center Partners' name and tmark, alone or in combination, in any domain name; and (b) doing any other act likely to cause the public to believe that Defendants' business or services, in any way, originate from, are associated or affiliated with or are sponsored by one or all Center Partners; and

B. Directing Defendants to (a) withdraw all advertising and promotions in any and all media that include Center Partners' name or mark; (b) destroy all advertising, marketing materials and other tangible items that incorporate Center Partners' name or mark and provide a certificate of such destruction; and (c) transfer all domain names containing Center Partners' name or mark to Center Partners; and

C. Awarding damages in an amount to be proven at trial, caused by Defendants' cybersquatting, trademark infringement, deceptive practices, and other misconduct as specified herein. In the alternative, awarding statutory damages in the amount of up $100,000 per domain name under the Anti-Cybersquatting Consumer Protection Act;

E.   Awarding Defendants' profits arising out of Defendants' willful trademark infringement, false representations, and use of false designations of origin;

F.   Awarding treble damages to be assessed against Defendants and such amount above profits as the court finds just under the Lanham Act, 15 U.S.C. § 1117, and treble damages under the Colorado Consumer Protection Act, C.L.S. § 6-1-113;

G.   Awarding plaintiffs interest and costs of this action together with statutory attorneys' fees under the Lanham Act, 15 U.S.C. § 1117 and the Colorado Consumer Protection Act, C.L.S. § 6-1-113; and

H.   Granting such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 23rd day of March, 2011.

ROBINSON WATERS & O'DORISIO, P.C.

*s/ Kimberly A. Bruetsch*
Stephen L. Waters
Kimberly A. Bruetsch
1099 Eighteenth Street, Suite 2600
Denver, Colorado 80202
(303) 297-2600
swaters@rwolaw.com
kbruetsch@rwolaw.com
Attorneys for Plaintiff